IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NORMAN JARRETT, and** | § | **CIVIL ACTION NO. 4:12-cv-00509** |
| **OTHERS SIMILARLY SITUATED,** | § | |
| **and JERRY THURMON,** | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | **COLLECTIVE ACTION REQUESTED** |
| | § | |
| **POWER LINE SERVICES,** | § | **ASSIGNED TO THE HONORABLE** |
| **INC., and TOTAL ELECTRICAL** | § | **VANESSA D. GILLMORE** |
| **SERVICE & SUPPLY CO.,** | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |

_____CONSOLIDATED WITH_____

| | | |
|---|---|---|
| **JERRY THURMON, WAYNE** | § | **CIVIL ACTION NO. 4:11-cv-1365** |
| **THURMON, and OTHERS SIMILARLY** | § | |
| **SITUATED,** | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| **POWER LINE SERVICES, INC.** | § | |
| **TOTAL ELECTRICAL SERVICE &** | § | |
| **SUPPLY CO., and SUN ELECTRIC** | § | |
| **SERVICES, INC.,** | § | |
| Defendants. | § | |

**PLAINTIFF JERRY THURMON'S SUR-REPLY TO DEFENDANTS'
<u>RULE 56(D) MOTION FOR CONTINUANCE</u>**

1

Despite Defendants' attempts to muddy the water by citing its general policies, the evidence is in, the facts are conclusive and uncontradicted, and 16 months has elapsed.  Two out of five witnesses involved in the deductions to Plaintiffs and other Substation Superintendents have stated that they would "automatically" deduct Superintendents if they failed to turn in a receipt.  Ex.1, Payne 37:22-38:1; Ex. 4, Chappell ¶¶ 3-6; Ex. 17.  Two others (Armando Renteria and Crissy Salcido) who participated in the deductions worked for the company as recently as February, 2012, yet they have not stepped forward to give contradicting affidavits to any of the testimony in this case.  Ex. 3 Wasson, 34:21-35:4, 115:25-116:1; Ex.4; Ex. 17.  The fifth is a former Vice-President who Defendants have not sought out.  Defendants have no evidence to contradict the "**actual practice**" of deductions of Plaintiff's managers.

Imagine in a gender discrimination suit that the supervisor admitted terminating the victim because of gender and defendants attempted to rebut the proof of discrimination by citing their Anti-Discrimination Policy.  This is Defendants' argument applied in the FLSA context.

An Anti-Discrimination policy wouldn't shield a company whose manager admitted discrimination from summary judgment and neither should Fred Wasson's testimony regarding Defendants' alleged policies in the face of Plaintiffs' **managers'** admissions and the silence of witnesses who have been employed by Defendants during the pendency of this case.  Summary Judgment is appropriate at this time on the issue of Plaintiff Jerry Thurmon not being paid on a "salaried basis" between May 1, 2009 and July 29, 2010.

Respectfully submitted,

__/Michael A. Starzyk/_____

**Michael A. Starzyk**
Texas Bar No. 00788461
Southern District of Texas Bar No.16926
**Stephen Ricks**
Texas Bar No. 00788278
Southern District of Texas Bar No. 36039
**April L. Walter**
Texas Bar No. 24052793
Southern District of Texas Bar No. 713287
**Hessam Parzivand**
Texas Bar No. 24071157
Southern District of Texas Bar No. 1129776
**STARZYK & ASSOCIATES, P.C.**
10200 Grogan's Mill Road, Suite 300
The Woodlands, Texas 77380
(281) 364-7261
(281) 364-7533 – Facsimile

**THE SEILER LAW FIRM, PLLC**
**Kenna M. Seiler**
Texas Bar No. 13944250
Southern District of Texas Bar No. 16468
8505 Technology Forest Place, Suite 1102
The Woodlands, Texas  77381
(281) 419-7770
(281) 419-7791 – Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing has been delivered to Defendants' counsel in accordance with the Federal Rules of Civil Procedure on the 17th day of September, 2012:

**Laurence E. Stuart**
**R. Glen Rigby**
**Hollie L. Reiminger**
**Cheri C. Thomas**
STUART & ASSOCIATES P.C.
909 Fannin, Suite 3250
Houston, Texas 77010

                                    ___*/s/ Michael A. Starzyk*_____
                                    Michael A. Starzyk